IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE COMPANY as subrogee of Southpark Skin & Laser LLC, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No.: 3:25-cv-00222 |
| HOME DEPOT PRODUCT AUTHORITY, LLC, | : : : | |
| Defendant. | : : | |

## NOTICE OF REMOVAL

Defendant, HOME DEPOT PRODUCT AUTHORITY, LLC, (hereinafter, "Home Depot"), by and through counsel, hereby gives notice of removal of the above action from the Circuit Court for the City of Colonial Heights ("Circuit Court") to the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. As set forth below, this Court has original diversity jurisdiction over this action pursuant to Section 28 U.S.C. § 1332. All requirements for removal of this action met through the allegations contained in the pleadings filed in the Circuit Court and this Notice of Removal.

In support of this Notice of Removal, Home Depot states as follows:

### Background

1. There is pending in the Circuit Court for the City of Colonial Heights, Virginia, a complaint styled, *Selective Way Insurance Company, as subrogee of Southpark Skin & Laser LLC v. Home Depot Product Authority, LLC*, Case No. CL24000545-00 (the "State Court Action").

2. Plaintiff filed its Complaint in the State Court Action on or about December 10, 2024. A copy of the Complaint is attached hereto as **Exhibit A**.

3. Home Depot was served with a copy of the Complaint in the State Court Action on or about February 20, 2025.

4. Home Depot filed its Responsive Pleadings to the Complaint in the State Court Action on or about March 13, 2025. A copy of the Responsive Pleadings are attached hereto as **Exhibit B**.

5. No further proceedings have been held in the State Court Action.

6. This Notice of Removal is filed within 30 days upon which Home Depot was first served with a copy of the Complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b).

7. The State Court Action is properly removed under 28 U.S.C. § 1441(a) because the State Court Action is subject to the original jurisdiction of this Court pursuant to 28 US.C. § 1332, as explained below.

8. Home Depot is informed and believes the Plaintiff, Selective Way Insurance Company, is an entity incorporated in and with its principal place of business in the State of New Jersey.[1]

9. Home Depot Product Authority, LLC's sole member is The Home Depot, Inc.

10. The Home Depot, Inc. is incorporated in the State of Delaware and has its principal place of business in the State of Georgia.

---

[1] For purposes of removal based on diversity jurisdiction, only the citizenship of the subrogee is considered, not that of the subrogor. See *Lloyd v. Travelers Prop. Cas. Ins. Co.*, 699 F. Supp. 2d 812, 816 (E.D. Va. 2010) ("The Supreme Court has repeatedly affirmed the longstanding rule that only 'real and substantial parties to the controversy,' and not 'nominal or formal parties,' should be considered in determining whether complete diversity exists."); *Allstate Ins. Co. v. Hechinger Co.*, 982 F. Supp. 1169, 1172 (E.D. Va. 1997) ("A subrogee that has paid out claims to its insured[] is the real party in interest in the subrogation litigation based on those claims. And as real party in interest, the insurer-subrogee owns the substantive rights on which it sues.").

11.     Accordingly, Home Depot Product Authority, LLC is a citizen of Delaware and Georgia, and no other states.

12.     Plaintiff's Complaint seeks damages in the amount of $225,000.00, exclusive of interests and costs.

13.     This action is properly removed on grounds of diversity jurisdiction because (a) complete diversity of citizenship exists between Plaintiff and Defendant Home Depot, and (b) the amount in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

14.     Written notice of the filing of this Notice of Removal will promptly be given to Plaintiff and the Clerk of the Circuit Court for Colonial Heights, Virginia, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendant, HOME DEPOT PRODUCT AUTHORITY, LLC, respectfully requests that this case proceed before this Court as an action properly removed.

*/s/ Jessica Golden*
Jessica M. Golden, VSB# 76775
William H. Monroe, III, VSB# 97413
*Counsel for Home Depot Product Authority, LLC.*
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Jessica.Golden@kpmlaw.com
Trey.Monroe@kpmlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing Notice of Removal was filed with the Court's CM/ECF filing system on the 21st day of March, 2025, which will automatically provide notice to all counsel of record, including:

  Brian G. Muse, VSB# 47218
  Ana C.R. Franzoni, VSB# 99352
  SANDS ANDERSON PC
  5801 Courthouse Street, Suite 203
  Williamsburg, VA 23188
  (757) 356-2586
  (757 378-5409 (fax)
  bmuse@sandsanderson.com
  afranzoni@sandsanderson.com

              */s/ Jessica Golden*
              Jessica M. Golden, VSB# 76775
              William H. Monroe, III, VSB# 97413
              *Counsel for Home Depot Product Authority, LLC.*
              KALBAUGH, PFUND & MESSERSMITH, P.C.
              901 Moorefield Park Drive, Suite 200
              Richmond, Virginia 23236
              (804) 320-6300
              (804) 320-6312 (fax)
              Jessica.Golden@kpmlaw.com
              Trey.Monroe@kpmlaw.com