**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF COLONIAL HEIGHTS**

SELECTIVE WAY INSURANCE COMPANY as subrogee of Southpark Skin & Laser LLC
40 Wantage Avenue
Branchville, NJ 07890

Plaintiff,

v.

HOME DEPOT PRODUCT AUTHORITY, LLC
2455 Paces Ferry Road
Building C-20
Atlanta, GA 30339

Defendant.

Case No. ________________

**COMPLAINT**

Plaintiff, Selective Way Insurance Company, by and through its undersigned attorneys, complains and avers as follows:

1. Plaintiff, Selective Way Insurance Company ("Plaintiff" or "Selective"), proceeding as subrogee of Southpark Skin & Laser LLC is a company organized and existing under laws of the State of New Jersey, with its principal place of business located at 40 Wantage Avenue, Branchville, NJ 07890.

2. At all times material hereto, Selective was authorized to transact business in Virginia.

3. Defendant, Home Depot Product Authority, LLC ("Home Depot"), is a Georgia company with its principal place of business located at 2455 Paces Ferry Road, Building C-20,

Atlanta, GA 30339. Home Depot's Registered Agent is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

4. At all times material hereto, Home Depot was in the business of, *inter alia*, inspecting, marketing, distributing, selling, and/or placing into the stream of commerce, 12-inch plastic tube water supply line ("Subject Water Line") products intended for use by consumers for the ordinary purposes associated with such items.

**JURISDICTION AND VENUE**

5. The Circuit Court for the City of Colonial Heights has jurisdiction of this matter pursuant to Virginia Code § 17.1-513.

6. Venue is proper in this Court because the defendant conducted business in the city of Colonial Heights, Virginia and the conduct giving rise to the present cause of action occurred in the city of Colonial Heights, Virginia.

**FACTS**

7. At all times material hereto, Selective insured the commercial property of Southpark Skin & Laser LLC (the "Insured") located at 445 Charles H. Dimmock Pkwy, Colonial Heights, VA 23834 (the "Subject Property") pursuant to Policy Number S 2339345 (the "Policy").

8. The Subject Property is a single-story, ground level, cosmetic medical office.

9. The Insured has occupied this office for over five years.

10. In 2018, the Insured had a Keurig coffee maker installed in the waiting room of the office for customer use.

11. The Keurig was connected to the Subject Water Line that ran into the office space.

12. The Insured purchased the coffee maker from Amazon and provided the unit to JM Scott Construction for installation.

13. The coffee maker and the Subject Water Line were both installed by JM Scott Construction.

14. Since the installation, there has been no third-party service, inspection, maintenance or repair on the unit.

15. The Insured's staff cleaned the coffee maker and area around it once per week, which requires moving the machine.

16. On February 28, 2022, employees entered the office and discovered water throughout the waiting area and a significant portion of the office space.

17. The employees who discovered the water loss immediately contacted the owner and also terminated the water flow to the office.

18. It was quickly discovered that a fracture in the water line connected to the coffee machine, leaked into the office.

19. There were no prior issues with the coffee maker since original installation.

20. An investigation determined that the fracture was caused by a defective design of the material for the water supply line which allowed for premature degradation when used as intended.

21. It was also noted that other areas of the Subject Water Line showed signs of degradation as well.

22. As a direct and proximate result of the acts and/or omissions of the Defendants, the Insured suffered damage to its business personal property.

23. Following the above referenced incident, the Insured submitted an insurance claim to Selective.

24. Pursuant to the aforementioned policy of insurance, Plaintiff made payments in excess of $225,000.00 to the Insured for the damages it sustained as a result of the aforementioned incident.

25. Plaintiff is now subrogated to the rights and claims of the Insured against the responsible parties, to the extent of the payments made.

**COUNT I – NEGLIGENCE**

*Selective v. Home Depot Product Authority, LLC*

26. Plaintiff hereby incorporates by reference the above paragraphs as if same were set forth fully herein.

27. The Subject Water Line was inspected, marketed, distributed, supplied, sold and/or placed into the stream of commerce by Defendant.

28. At the time the Subject Water Line was placed into the stream of commerce by Defendant, Defendant knew and intended that its product would be sold and utilized by consumers, such as the Insured, and knew of the specific uses, purposes, and requirements for which said products would be utilized.

29. At the time the Subject Water Line was placed into the stream of commerce by Defendant, it was unreasonably dangerous and in a defective and hazardous condition.

30. Defendant owed a duty to the users and consumers of the Subject Water Line to exercise reasonable care in the inspection, market, distribution, supply, and sale of the Subject Water Line.

31. The water leak at the Subject Property and resulting damages were the direct and proximate result of the negligent and/or careless acts and omissions of Defendant, by and through its employees, agents, servants, representatives, and/or workmen and were directly and

proximately caused by the negligence, and/or carelessness of Defendant, which consisted of the following:

a. Failing to safely and properly market the Subject Water Line;

b. Failing to safely and properly inspect the Subject Water Line;

c. Failing to safely and properly distribute the Subject Water Line;

d. Failing to provide proper warnings regarding the safe and proper use of the Subject Water Line;

e. Failing to have proper quality control procedures for the components installed within the Subject Water Line;

f. Failing to provide warnings, post-sale, related to the propensity of the Subject Water Line to cause a water leak;

g. Failing to inspect, market, distribute, supply and sell the Subject Water Line with appropriate safety and protective devices to prevent the fracturing of the Subject Water Line; and

h. Such other and further negligent acts and omissions as may be revealed during discovery.

32. The negligence and carelessness of the agents, servants, workmen and/or employees of the Defendant, which occurred within the course and scope of said employment and/or agency with Defendant, is imputed upon Defendant, who is liable for the same.

33. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant, the Insured sustained damage to its business personal property.

WHEREFORE Plaintiff, Selective Way Insurance Company as subrogee of Southpark Skin & Laser LLC, hereby demands judgment against Defendant, Home Depot Product Authority, LLC, in the amount of $225,000.00 plus prejudgment and post-judgment interest, costs and such other relief that this Court deems equitable and just.

**COUNT II - BREACH OF WARRANTY**

*Selective v. Home Depot Product Authority, LLC*

34. Plaintiff hereby incorporates by reference the above paragraphs as if same were set forth fully herein.

35. The Subject Water Line was inspected, marketed, distributed, supplied, and sold by Defendant.

36. In placing the Subject Water Line into the stream of commerce, Defendant impliedly warranted that it was of merchantable quality and fit for its intended use.

37. The Insured had a right to, and did, rely upon the superior skill and knowledge of Defendants in inspecting, marketing, distributing, supplying, and selling the Subject Water Line.

38. At all times relevant and material hereto, the Subject Water Line was being used for its intended purpose.

39. No modifications or alterations had been made to the Subject Water Line since the time it was placed into the stream of commerce by Defendants until the time of the water leak.

40. Defendants breached their implied warranty because the Subject Water Line was not of merchantable quality and was unfit for its intended uses when it was placed into the stream of commerce.

41. As a direct and proximate result of the above breach of warranty, the Insured sustained damage to its business personal property.

WHEREFORE Plaintiff, Selective Way Insurance Company as subrogee of Southpark Skin & Laser LLC, hereby demands judgment against Defendant, Home Depot Product Authority, LLC, in the amount of $225,000.00 plus prejudgment and post-judgment interest, costs and such other relief that this Court deems equitable and just.

**JURY DEMAND**

Plaintiff demands a jury trial as to all issues presented in this matter.

Date: December 9, 2024

Respectfully Submitted,

SELECTIVE WAY INSURANCE COMPANY
as subrogee of SOUTHPARK SKIN & LASER LLC

By Counsel

Brian G. Muse, Esq. (VSB No. 47218)
Ana C. R. Franzoni, Esq. (VSB No. 99352)
SANDS ANDERSON PC
4801 Courthouse Street, Suite 203
Williamsburg, VA 23188
Telephone: (757) 356-2586
Facsimile: (757) 378-5409
bmuse@sandsanderson.com
afranzoni@sandsanderson.com