**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY as subrogee of Southpark Skin & Laser LLC, : : : : Plaintiff, : : v. : : HOME DEPOT PRODUCT AUTHORITY, LLC, : : Defendant. : | Case No.: 3:25-cv-00222-RCY |

## DEFENDANT HOME DEPOT PRODUCT AUTHORITY, LLC'S MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

Defendant HOME DEPOT PRODUCT AUTHORITY, LLC (hereinafter "HDPA"), by counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby states as follows in support of its Motion to Dismiss.

### INTRODUCTION

On December 10, 2024, Plaintiff Selective Way Insurance Company, as subrogee of Southpark Skin & Laser, LLC (hereinafter "Selective") filed a Complaint in the Circuit Court for the City of Colonial Heights against Defendant HDPA[1].

According to the Complaint, in 2018, Southpark Skin & Laser, LLC purchased a Keurig coffee maker from Amazon and hired JM Scott Construction to install the coffee maker and water supply connection. Plaintiff's Complaint at ¶ 12-13. The Complaint then asserts that Defendant HDPA was in the business of "inspecting, marketing, distributing, selling, and/or placing into the stream of commerce, 12-inch plastic tube water supply line." Plaintiff's

---

[1] Plaintiff served HDPA via the Secretary of the Commonwealth on February 20, 2025. HDPA timely filed its Notice of Removal on March 21, 2025.

Complaint at ¶ 4. Plaintiff contends that this 12-inch plastic tube water supply line (the "Subject Water Line") was installed as part of the Keurig's connection.

On February 28, 2022, employees of Southpark Skin & Laser, LLC discovered water throughout their office space. The Complaint attributes the water damage to a fracture in the Subject Water Line, which allegedly resulted from a defective design. Selective, as Southpark Skin & Laser, LLC's subrogee, now seeks to recover over $225,000 paid pursuant to the Insured's policy. Based on these allegations, Selective contends that Defendant HDPA is liable for negligence and breach of warranty on the grounds that HDPA inspected, marketed, distributed, supplied, sold, and/or placed into the stream of commerce, the Subject Water Line.

The Complaint, however, fails to state a claim upon which relief can be granted. Plaintiff provides no factual allegations linking Defendant to the specific product at issue, nor does Plaintiff allege that Defendant had any duty to Plaintiff's insured. Further, Plaintiff's breach of warranty claim is time-barred under Virginia law. Accordingly, Defendant HDPA respectfully requests that this Court dismiss the Complaint with prejudice.

## **LEGAL STANDARD**

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)(internal quotation marks omitted)(quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). In deciding a 12(b)(6) motion, the court must first assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, the factual allegations of a

complaint must provide *"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal*, 556 U.S. at 678 (internal citations omitted)(emphasis added).

Although the factual allegations must be accepted as true, the Court does not accept as true legal conclusions drawn from those facts, "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if the complaint "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" amounting only to "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*., at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2007)).

## ARGUMENT

Plaintiff's Complaint should be dismissed with prejudice because it merely provides "an unadorned, the defendant-unlawfully-harmed-me accusation" against Defendant HDPA without "further factual enhancement." *Id.* at 678 (internal citations omitted). In fact, Plaintiff's Complaint includes zero factual allegations against HDPA. The Complaint alleges only that HDPA "inspected, marketed, distributed, supplied, sold and/or placed into the stream of commerce" the product. This is not a sufficient allegation. The Complaint does not allege any facts about the relationship between Plaintiff and HDPA. Put simply, the Complaint does not include any factual allegations linking HDPA to the Subject Water Line at issue other than the bare-boned allegation that HDPA may or may not have "inspected, marketed, distributed, supplied, sold and/or placed into the stream of commerce" the Subject Water Line. Plaintiff does

not even allege basic details of where, when, and how the Subject Water Line was purchased, or basic details on how to identify the Subject Water Line to give any notice of information to the Defendant about the nature of the allegations against it.

Plaintiff's negligence claim fails on these grounds alone. Without an alleged relationship between Plaintiff and HDPA, no duty is pleaded, and without a duty, there can be no breach. The breach of warranty claim is likewise defective for two independent reasons: (1) it is time-barred by the applicable statute of limitations, and (2) it fails to allege that HDPA sold the product, which is a prerequisite for any implied warranty to attach.

Because Plaintiff has not plead sufficient facts to state a plausible claim against HDPA, the Complaint must be dismissed. Each of Plaintiff's claims independently fails as a matter of law, as set forth below.

## I.      Plaintiff Fails to State a Claim for Negligence

Under Virginia law, "[t]he question of liability for negligence cannot arise at all until it is established that the man who has been negligent owed some duty to the person who seeks to make him liable for his negligence." *Dudley v. Offender Aid & Restoration of Richmond, Inc.*, 241 Va. 270, 277, 401 S.E.2d 878, 7 Va. Law Rep. 1686 (1991) (quoting *Le Lievre v. Gould* [1893] 1 Q.B. 491 at 497 (Eng.) (opinion of Esher, M.R.)). Although a Plaintiff is not required to specify the "particulars of the negligence…a Plaintiff must still allege facts sufficient to support each element." *Graves v. Mortg. Elec. Registration Sys.*, 96 Va. Cir. 457, 463 (Fairfax 2011). A Plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury. *Id.* (citing *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132 (2000)).

Further, specifically in a products liability action asserting negligence, the Plaintiff must show, "(1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands. *Turner* v. *Manning, Maxwell & Moore,* 216 Va. 245, 217 S.E.2d 863 (1975); *Chestnut* v. *Ford Motor Company,* 445 F.2d 967, 968 n. 1 (4th Cir. 1971). This is a two-part test, meaning that the Plaintiff must show both that the goods being sold were in an unreasonably dangerous condition for their purported use, and that this condition existed at the time the good left the defendant's control.

The Virginia Supreme Court's decision in *Logan v. Montgomery Ward & Co*., 216 Va. 425, 219 S.E.2d 685 (1975), is directly applicable and further highlights why Plaintiff's negligence claim fails as a matter of law. In *Logan*, the plaintiff alleged that a gas stove exploded due to a defect that existed when it left the defendant's control. However, the Virginia Supreme Court held that a defect cannot simply be inferred from an accident, especially where the plaintiff fails to exclude other possible causes, such as mishandling, improper installation, or maintenance. *Id*. at 428–29. Because the plaintiff in *Logan* failed to provide any direct or inferential evidence that a defect existed at the time the stove left the defendant's possession, her claim could not proceed. *Id.*

Here, the defects in Plaintiff's Complaint are even more glaring than those in *Logan*. At least the *Logan* plaintiff alleged that the stove came from the defendant and was installed before the explosion. In stark contrast, Plaintiff in the present case does not even allege whether or when the Subject Water Line left HDPA's control, let alone whether an alleged defect existed at that time. Plaintiff's Complaint provides no timeline, no factual link between HDPA and the Subject Water Line, and no allegations ruling out other causes, such as improper installation,

maintenance, or use. Instead, Plaintiff offers only speculation. This is precisely the type of unsupported claim that the standard established in *Logan* rejects. *Id.* at 429 ("The mere fact of an explosion does not establish the negligence of either the manufacturer or seller of the stove, and does not establish that the stove was defective.").

Put plainly, the Plaintiff has not even alleged when, if ever, HDPA had possession or control over the Subject Water Line. Without this foundational fact, there is no basis to infer that any alleged defect originated with HDPA rather than another party. *Id.* at 431 (holding that plaintiffs must "introduce competent evidence from which it could be reasonably inferred that the [product] was defective when it was transferred" from the defendant).

Ultimately, to survive a Motion to Dismiss, Plaintiff has to at least be able to allege that the defect existed at the time it allegedly left the Defendant's control to survive the standard set out in *Logan*. Plaintiff does not even allege when, if ever, HDPA had control over the Subject Water Line, making it impossible to infer liability. Because Plaintiff has failed to plead sufficient facts to establish duty, breach, or causation, the negligence claim fails as a matter of law and must be dismissed.

## II.     Plaintiff's Claims Fail due to Ambiguity

The Supreme Court of Virginia has criticized the use of "and/or" in pleadings as an ambiguous and improper drafting device. In *Doe v. Baker*, 299 Va. 628, 857 S.E.2d 573 (2021), the Court stated:

> "We make note of the amended complaint's liberal use of the 'and/or' semantic device. We have described this device as an 'unfortunate hybrid' and 'a drafting blemish' because '[t]he literal sense of and/or is 'both or either," providing three possible choices: one, the other, or both.'" *A.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 614 (2019) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 125 (2012)). "The use of an 'and/or' allegation can be confusing and expose the complaint to demurrer on this basis alone. Alleging that a defendant (i) is liable or, if not, (ii) someone else is liable, or (iii) perhaps even both are liable, creates ambiguity. The disjunctive

6

between (i) and (ii) means the defendant may or may not be liable, which fails to provide basic notice of liability as required under Virginia law."

The Complaint's use of "and/or" in reference to HDPA's possible actions (i.e., that HDPA "inspected, marketed, distributed, supplied, sold and/or placed into the stream of commerce" the product) creates ambiguity regarding Defendant's actual role in the case. This interpretation quite literally means that HDPA may or may not have acted, which means that this Complaint fails to provide proper notice and renders the allegations legally insufficient.

### III.     Plaintiff's Breach of Warranty Claim is Time-Barred

Under Virginia law, the statute of limitations for a breach of warranty claim depends on the nature of the relief sought. If a plaintiff alleges a breach of warranty claim generally, Va. Code § 8.2-725 imposes a four-year limitations period running from tender of delivery, "regardless of the aggrieved party's lack of knowledge of the breach." However, when a breach of warranty claim seeks damages for injury to property, Va. Code § 8.01-246(C) says, "In the case of any action to which § 8.2-725 of the Uniform Commercial Code is applicable, that section shall be controlling except that in products liability actions…for injury to property…the limitation prescribed in § 8.01-243 shall apply."

Va. Code § 8.01-243(B) states, "Every action for injury to property…shall be brought within five years after the cause of action accrues." Va. Code § 8.2-725(2) definitively states that a "cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made." This means that the statute of limitations for a breach of warranty claim seeking property damage is

five years, and the clock begins running at the time of tender of delivery, not when the damage occurs.[2]

This distinction was central to the court's reasoning in *Burke-Parsons-Bowlby Corp. v. E.D. Etnyre & Co.,* 585 F. Supp. 620 (W.D. Va. 1984). In that case, the plaintiff purchased a tank trailer in 1977, but the defect did not manifest until 1981, when the trailer overturned and spilled creosote, causing significant property damage. The plaintiff filed suit in 1983, arguing that the claim accrued when the damage occurred.

The court firmly rejected this argument, holding that under Virginia law, a breach of warranty claim for property damage accrues at the time of sale, not when the damage occurs. This conclusion is supported by the reasoning given in *E. T. Gresham Co. v. Koehring Crane & Excavator Grp.*, 479 F. Supp. 132, 134 (E.D. Va. 1979), where the court ruled that "the period of limitations began to run in 1973 when the [good] was purchased... regardless of when the breach is discovered or the damage occurs."

Here, the Complaint fails to allege a purchase date, but does allege that the Subject Water Line was installed in 2018. Under *Burke-Parsons-Bowlby*, any alleged breach of warranty necessarily accrued at that time or earlier, regardless of when the defect became apparent. Because the applicable statute of limitations is five years from the time of sale, the claim expired in 2023. However, Plaintiff did not file suit until December 10, 2024, which is beyond the limitations period.

Therefore, just as in *Burke-Parsons-Bowlby*, where the plaintiff's claim was time-barred even though the defect caused harm years later, Plaintiff's breach of warranty claim here is untimely and must be dismissed.

---

[2] The responsive pleadings filed by Defendant in the State Court Action state that the limitations period for this action is four years from the date of sale. However, for the reasons set forth in this brief, the correct limitations period for a breach of warranty action alleging injury to property is five years from the date of sale.

### IV.     Plaintiff Fails to Assert a Claim for Breach of Implied Warranty

Under Virginia law, a claim for breach of an implied warranty requires an allegation that the defendant sold the product at issue. *Moore v. Allied Chem. Corp.*, 480 F. Supp. 364, 367 (E.D. Va. 1979) ("An implied warranty of merchantability or a warranty of fitness for a particular purpose is made only when a sale of goods occurs."); Va. Code §§ 8.2-314, 8.2-315. A "sale" occurs only when title passes from the seller to the buyer for a price. Va. Code § 8.2-106(1).

Here, Plaintiff alleges that by "placing the Subject Water Line into the stream of commerce, Defendant impliedly warranted that it was of merchantable quality and fit for its intended use," and that Defendant breached this implied warranty. See Plaintiff's Complaint at ¶ 36, 40-41. The Complaint merely states that HDPA "inspected, marketed, distributed, supplied, sold, and/or placed into the stream of commerce," but this list of possibilities fails to constitute a sufficient allegation. The Plaintiff relies on vague and ambiguous language and does not allege that HDPA actually engaged in any sale, let alone that HDPA transferred title to Plaintiff or anyone else. Without a properly alleged sale, no implied warranty could have arisen. See *Moore*, 480 F. Supp. at 367.

Even if Plaintiff had alleged a sale, Virginia law requires that the goods be "unreasonably dangerous" or "unfit" for their ordinary use in order to sustain a claim for breach of implied warranty. *Evans v. NACCO Materials Handling Grp., Inc.*, 295 Va. 235, 810 S.E.2d 462 (2018). Yet the Complaint does not allege any facts about the condition of the Subject Water Line at the time it was allegedly in HDPA's control. In fact, Plaintiff cannot even make such an allegation because the Complaint does not establish when or how the Subject Water Line was ever in

HDPA's control in the first place. Without any factual basis linking HDPA to the product, there is no plausible claim for breach of implied warranty.

Because Plaintiff has failed to allege that HDPA ever had control over the Subject Water Line, or that it was defective at the time it left HDPA's control, Plaintiff's claim for breach of warranty must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a claim against HDPA on either counts of Negligence or Breach of Warranty. Therefore, HOME DEPOT PRODUCT AUTHORITY, LLC respectfully requests that this Court dismiss the Complaint against them with prejudice, and for all such other relief as this Court deems appropriate.

> */s/ Jessica M. Golden*
> Jessica M. Golden, VSB# 76775
> William H. Monroe, III, VSB# 97413
> *Counsel for Home Depot Product Authority, LLC.*
> KALBAUGH, PFUND & MESSERSMITH, P.C.
> 901 Moorefield Park Drive, Suite 200
> Richmond, Virginia 23236
> (804) 320-6300
> (804) 320-6312 (fax)
> Jessica.Golden@kpmlaw.com
> Trey.Monroe@kpmlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Memorandum in Support of Defendant's Rule 12(b)(6) Motion to Dismiss was filed with the Court's CM/ECF filing system on the 24th day of March, 2025, which will automatically provide notice to all counsel of record, including:

Brian G. Muse, VSB# 47218
Ana C.R. Franzoni, VSB# 99352
SANDS ANDERSON PC
5801 Courthouse Street, Suite 203
Williamsburg, VA 23188
(757) 356-2586
(757 378-5409 (fax)
bmuse@sandsanderson.com
afranzoni@sandsanderson.com

                                        */s/ Jessica M. Golden*
                                        Jessica M. Golden, VSB# 76775
                                        William H. Monroe, III, VSB# 97413
                                        *Counsel for Home Depot Product Authority, LLC.*
                                        KALBAUGH, PFUND & MESSERSMITH, P.C.
                                        901 Moorefield Park Drive, Suite 200
                                        Richmond, Virginia 23236
                                        (804) 320-6300
                                        (804) 320-6312 (fax)
                                        Jessica.Golden@kpmlaw.com
                                        Trey.Monroe@kpmlaw.com